COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-318-CR
 
 
DALE 
GARLAND THOMPSON                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION 
 


 
------------
        The 
trial court convicted Appellant Dale Garland Thompson of failure to register as 
a sex offender and, upon his plea of true to the enhancement paragraphs, 
sentenced him to sixty years’ confinement in the Institutional Division of the 
Texas Department of Criminal Justice. Appellant brings four points on appeal, 
arguing that the Texas sex offender registration statute violates the Due 
Process Clause and the Ex Post Facto Clause of the federal and state 
constitutions, that the sentence constituted cruel and unusual punishment, and 
that the evidence is legally and factually insufficient to support his 
conviction. Because we hold that the trial court did not err and that the 
evidence is legally and factually sufficient to support Appellant's conviction, 
we affirm the trial court’s judgment.
I. 
Constitutionality of the Sex Offender Registration Statute
A. Due Process and Equal Protection Claims
        In 
his first point, Appellant challenges the constitutionality of the Texas sex 
offender registration statute, arguing that it violates the Due Process Clause 
of both the Fifth and Fourteenth Amendments to the United States Constitution 
and article 1.05 of the Texas Code of Criminal Procedure. He argues that the 
statute violates his due process rights because (1) it requires notification 
without any preliminary determination that he constitutes a continuing threat to 
society; (2) it does not restrict the dissemination of information to law 
enforcement services only; and (3) it does not provide a procedural mechanism to 
exempt Appellant. He also argues that the statute improperly delegates to the 
government the decision regarding what information about Appellant to release to 
the public without guidance or limitation on the government’s power to release 
it. Additionally, Appellant argues that at the time he was tried, the statute 
had not been enacted; therefore, he contends he had no opportunity to be heard 
on the issue of whether he should be required to register as a sex offender 
before he was required to register. Finally, he argues an equal protection 
violation. On the basis of these contentions, Appellant argues that the trial 
court erred in denying his motion to dismiss.
        As 
the State points out, this court has previously held that when a trial court's 
ruling on a motion to dismiss results in a constitutional violation, the 
reviewing court must apply a de novo standard of review. 

 This is so because the trial court is not called upon 
 to make any determinations of credibility but is ruling on pure questions of 
 law. 


        This 
court has also previously addressed similar contentions that the sex offender 
registration statute violates due process. In the case now before this court, we 
note that Appellant received actual notice, or the reasonable probability of 
notice, of his obligation to register under the statute. Although Appellant was 
not informed of his obligation to register at the time of his conviction, he was 
notified of the registration requirement before his release from incarceration. 
Nevertheless, he failed to register. For the reasons recently stated by the 
Texas Court of Criminal Appeals in Ex parte Robinson 

 and by this court in In re M.A.H., 
 

 we overrule Appellant’s first point on appeal.
B. Ex Post Facto Claims
        In 
Appellant's second point, he complains that the statute violates the Ex Post 
Facto Clause of the federal and state constitutions. This issue has also been 
previously decided against Appellant. In Rodriguez v. State, the Texas 
Court of Criminal Appeals held that the Texas statute does not violate ex post 
facto principles. 

 Relying on the mandatory precedent established by the Rodriguez 
 court, we overrule Appellant’s second point on appeal.
C. Cruel and Unusual Punishment Claims
        In 
his third point on appeal, Appellant argues that his sixty-year sentence 
constitutes cruel and unusual punishment. We address his argument under the 
parameters of Ray v. State. 


        As 
the State correctly points out, Texas courts have traditionally held that as 
long as the punishment is within the range prescribed by the Texas Legislature, 
the punishment is not excessive, cruel, or unusual. 

 As the State further points out, a narrow exception to 
 this rule has been created for the situation in which the sentence is grossly 
 disproportionate to the offense. 

 The range of punishment for failure to register as a 
 sex offender is two to ten years. 

 Sixty years is far in excess of that range of 
 punishment.
        Appellant, 
however, had previously been convicted of felony offenses. His punishment, then, 
was dictated not merely by his failure to register but also by his status as an 
habitual offender. The record reflects that Appellant had been previously 
convicted of three felony offenses. It also reflects that he pled true to the 
enhancement paragraphs contained in the indictment. Appellant does not challenge 
the habitual offender scheme.
        Applying 
the appropriate tests, we hold that Appellant’s sentence as an habitual 
offender who failed to register as a sex offender does not constitute cruel and 
unusual punishment. We overrule Appellant’s third point on appeal.
II. Legal and 
Factual Sufficiency of the Evidence
        In 
his fourth point on appeal, Appellant argues the evidence is legally and 
factually insufficient to show that he resided or intended to reside in Denton, 
Texas, for more than seven days without reporting to the local law enforcement 
authority.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the judgment in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. 

 This standard gives full play to the responsibility of 
 the trier of fact to resolve conflicts in the testimony, to weigh the evidence, 
 and to draw reasonable inferences from basic facts to ultimate facts. 
 

 When performing a legal sufficiency review, we may not 
 sit as a thirteenth juror, re-evaluating the weight and credibility of the 
 evidence and, thus, substituting our judgment for that of the fact finder. 
 


        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. 
 

 Evidence is factually insufficient if it is so weak as 
 to be clearly wrong and manifestly unjust or the adverse finding is against the 
 great weight and preponderance of the available evidence. 

 Therefore, we must determine whether a neutral review 
 of all the evidence, both for and against the finding, demonstrates that the 
 proof of guilt is so obviously weak as to undermine confidence in the judgment, 
 or the proof of guilt, although adequate if taken alone, is greatly outweighed 
 by contrary proof. 

 In performing this review, we are to give due deference 
 to the fact finder’s determinations. 

 We may not substitute our judgment for that of the fact 
 finder’s. 

 Consequently, we may find the evidence factually 
 insufficient only where necessary to prevent manifest injustice. 


A 
proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. 


        Appellant 
was convicted of indecency with a child in 1991. In 2001, he was released on 
mandatory supervision and informed of the requirements of sex offender 
registration. Although the terms of his parole required Appellant to live in 
Beaumont, Texas, Denton resident Mickey Thomas testified that Appellant had been 
in Denton for approximately two and a half weeks at the time he was arrested. 
Thomas admitted on cross-examination that he could not be sure exactly how long 
Appellant had been in Denton before he was arrested and that it could have been 
less than two weeks. Appellant disputed Thomas’s approximation of the length 
of time he had been in Denton. Appellant had stayed at Thomas’s home and that 
of William Bell, three blocks away from Thomas’s and still in Denton, Texas.
        The 
State offered evidence that Appellant had not registered as a sex offender at 
the Denton Police Department as required. Because Appellant had moved to Denton 
without his parole officer’s permission, a parole warrant issued and was the 
basis of Appellant’s arrest in Denton, Texas. When Appellant was arrested on 
February 1, 2002, he wrote a statement in which he admitted that he had arrived 
in Denton on January 17, 2002, and that he intended to live in Denton where he 
could have the support of his friends and family. He concluded his statement 
with the words, “I Want My Life Back and to be Home in Denton for My 
Family and Be A Productive Citizen Again.”
        At 
trial, Appellant testified that he intended to make the parole officer let him 
live in Denton. He testified that he wanted to be around his friends and family 
and that Denton was his home. He repeated essentially the same sentiments on 
cross-examination, saying, “This is my home, and there was no reason why I 
can’t be here.” He admitted that he had inquired about getting work in 
Denton and that he had cut off his ankle monitor.
        Applying 
the appropriate standards of review, we hold that the evidence is legally and 
factually sufficient to support Appellant’s conviction. We overrule 
Appellant’s fourth point on appeal.
III. Conclusion
        Having 
overruled Appellant’s four points on appeal, we affirm the trial court’s 
judgment.
 
                                                                           PER 
CURIAM
 
PANEL F:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
December 11, 2003